UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-20102
Summary Calendar
_____


KAREEN EICHMANN,

                                    Plaintiff - Appellant,

                          versus


THE RITZ-CARLTON HOTEL COMPANY, ET AL.,

                                    Defendants,

THE RITZ-CARLTON HOTEL COMPANY,

                                    Defendant - Appellee.

_____

Appeal from the United States District Court for the
Southern District of Texas
(CA-H-94-4029)
_____


August 7, 1996
Before HIGGINBOTHAM, WIENER and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

     Kareen Eichmann appeals from an adverse summary judgment

granted in favor of appellee The Ritz-Carlton Hotel Company.  We

affirm.

_____

[*]Pursuant to Local Rule 47.5, the court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in Local Rule 47.5.4.

Eichmann, an at-will employee, sued The Ritz-Carlton alleging wrongful termination and intentional infliction of emotional distress. Eichmann based her claims on the assertion that she was fired from her job as concierge supervisor for refusing to procure prostitutes for a hotel visitor.[1] Initially, Eichmann alleges a Sabine Pilot claim for wrongful termination for refusal to perform an illegal act. See Sabine Pilot Serv., Inc. v. Hauck, 687 S.W.2d 733, 735 (Tex. 1985). However, to establish such a claim Eichmann must prove that her discharge was for no other reason than her refusal to perform the illegal act. Id. Where an employer discharges an employee for both refusing to perform an illegal act and for a legitimate reason, there is no exception to the general rule that employment is terminable at any time, with or without cause. Texas Dep't of Human Servs. v. Hinds, 904 S.W.2d 629, 633 (Tex. 1995). "An employer who discharges an employee both for refusing to perform an illegal act and for a legitimate reason or reasons cannot be liable for wrongful discharge." Id. (emphasis in original). The summary judgment evidence in this case reflects that Eichmann was terminated for violation of a house rule by allowing confidential guest information to be knowingly passed from employee to employee.[2] Eichmann herself testified that she

---

[1] Eichmann alleges that in December 1991, the general manager of the hotel requested the she procure prostitutes for a hotel guest. Eichmann did not report this request to anyone at the hotel in accordance with hotel procedures. As did the district court, we will accept this allegation as true for purposes of our analysis.

[2] Specifically, Eichmann, who was in charge of the concierge

reported to the Texas Employment Commission that the reason for her termination was for breaching guest confidentiality.  By her own testimony, Eichmann cannot prove that she was terminated for the sole reason that she refused to perform an illegal act.  Consequently, Eichmann's wrongful discharge claim fails as a matter of law.

Similarly, the intentional infliction of emotional distress claim fails as a matter of law.  Under Texas law, a claim for intentional infliction of emotional distress requires proof that: (1) the defendant acted intentionally or recklessly; (2) the conduct was extreme and outrageous; (3) the defendant's actions caused the plaintiff emotional distress; and (4) the resulting emotional distress was severe.  Randall's Food Markets, Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex. 1995).  Such a claim will not lie for mere employment disputes.  Johnson v. Merrell Dow Pharmaceuticals, Inc., 965 F.2d 31, 33 (5th Cir. 1992).  Although an employer's conduct may rise to the level of illegality, only in the most unusual cases will such conduct constitute "extreme and outrageous" conduct.  Prunty v. Arkansas Freightways, Inc., 16 F.3d 649, 654 (5th Cir. 1994).  Eichmann's own testimony reflects that she often received similar improper requests from guests.  In response, she was not "outraged" but gave her standard reply that the request was beyond the realm of accommodation.  Having

desk, allowed the daytimer of a rock singer to be reviewed and photocopied by other hotel employees. Ultimately, the daytimer was stolen from a bell closet where Eichmann had secured it.

carefully reviewed the record, we conclude that the employer's alleged conduct does not reach the level necessary to support an intentional infliction of emotional distress claim.

The judgment of the district court is AFFIRMED.